**Robert B. GARTIN, Appellant,**

v.

**Betty L. GARTIN, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1964.

Hatcher & Lewis, Elizabethtown, for appellant.

John Arnett, Elizabethtown, for appellee.

CULLEN, Commissioner.

Robert B. Gartin appeals from a judgment which dismissed his complaint seeking a divorce on the ground of cruel and inhuman treatment. The judgment also dismissed the wife's counterclaim in which she had asked for a divorce on a similar ground.

The trial judge's memorandum opinion contained these recitations:

"Both plaintiff and defendant testify to facts which might constitute cruel and inhuman treatment, however each party denies the facts testified to by the other and neither party offers any corroborative evidence.

"Under the proof the Court is of the opinion that neither party has made out a cause of action."

 The appellant maintains that the trial judge imposed a rule requiring corroborative evidence to sustain a claim of cruel and inhuman treatment and that there is no such rule. We do not so construe the judge's opinion. As we view it, the judge simply found that the parties were truthful in their denials but not truthful in their affirmative claims. This is not unusual for a divorce action, because frequently the accusations of the parties against each other find their basis more in a desire for incrimination or retaliation than in cold reality. We have read the evidence. The husband's chief complaints were that the wife, without cause, nagged him and impaired his career as a soldier by discussing family problems with his commanding officers. The wife's testimony showed that she had cause for what she did. On this evidence the judge was warranted in denying a divorce to the husband. We do not see how the husband can complain here of the trial court's refusal to grant a divorce to the wife, but in any event we think that refusal also was justified, because the wife's complaints appear to have been exaggerated.

After the case was submitted in the lower court, the wife wrote a letter to the judge stating among other things that she still loved her husband and did not want a divorce. In his memorandum opinion the judge rebuked the wife for writing the letter and stated he had reached his decision in the case in spite of the letter and not because of it. The appellant argues that the letter created a prejudice that could be removed somehow by a reversal of the judgment. The wife's statement in the letter that she did not want a divorce was nothing new because in her deposition she had said the same thing. In our opinion there was no material prejudice and the trial judge handled the matter with proper discretion.

The judgment is affirmed.